Curtis R. Hussey, Esq.  (USB No. 5488)
Hussey Law Firm, LLC
P.O. Box 1896
Fairhope, Alabama  36532-1896
Telephone:  (251) 928-1423
Facsimile:  (888) 953-6237
E-mail: chussey@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Marie Bray

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| Marie Bray,<br><br>Plaintiff,<br><br>vs.<br><br>Lexington Law Firm; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 1:14-cv-00127-DBP<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Marie Bray, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendants.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Marie Bray (hereafter "Plaintiff"), is an adult individual residing in Portland, Oregon, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. The Defendant, Lexington Law Firm (hereafter "Lexington"), is a company with an address of 360 North Cutler Drive, Salt Lake City, Utah 84054, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Lexington and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Lexington at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, Lexington placed calls to Plaintiff's cellular telephone in an attempt to solicit to Plaintiff its services.

8. At all times referenced herein, Lexington placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and by using an artificial or prerecorded voice.

9. When Plaintiff answered Lexington's calls, she was met with music and a prerecorded message that stated information about credit counseling.

10. Plaintiff never provided her cellular telephone number to Lexington and never provided her consent to Lexington to be contacted on her cellular telephone.

11. During many live conversations, Plaintiff advised Lexington that she was not interested in services Lexington was offering and directed Lexington to remove her number from its system and cease all calls to her.

12. On or around September 10, 2014, Plaintiff followed the prompts from Lexington's prerecorded message and texted "STOP" if an effort to get the calls to cease.

13. However, despite having been repeatedly instructed by Plaintiff not to call, Lexington thereafter continued to place calls to Plaintiff's cellular telephone at an annoying and harassing rate.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Plaintiff never provided her cellular telephone number to Lexington and never provided her consent to be contacted on her cellular telephone.

16. Without prior consent Lexington contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

17. Lexington continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times that there was no consent to continue the calls. As such, each call

placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18.   The telephone number called by Lexington was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19.   The calls from Lexington to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.   Lexington's telephone system has the capacity to store numbers in a random and sequential manner.

21.   As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.   As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

23.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.   The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

25. Utah further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Utah state law.

26. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff by placing automated calls to Plaintiff without prior consent.

27. The telephone calls made by Defendants to the Plaintiff were persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

28. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

29. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

30. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 16, 2014              HUSSEY LAW FIRM, LLC


                                      By: /s/ *Curtis R. Hussey*
                                      Curtis R. Hussey

                                      Attorney for Plaintiff
                                      Marie Bray


                                          Of Counsel to:
                                          Lemberg Law, LLC
                                          1100 Summer Street, 3rd Floor
                                          Stamford, CT 06905